UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIELLE MONTAGUE-BEY and UNITED STATES OF AMERICA REPUBLIC,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF INDIANA, LAKE COUNTY SUPERIOR COURT, JUDGE JULIE N. CANTRELL, JUDICIAL OFFICER BOLING, and MAGISTRATE ROBERT JEFFREY,<br><br>Defendants. | CAUSE NO. 2:25-CV-279-PPS-AZ |

**OPINION AND ORDER**

Danielle Montague Bey and "United States of America Republic", without counsel, filed a "Writ of Removal" on June 20, 2025, that seeks to remove to this Court a pending state criminal case in Lake Superior Court, County Division 3 (Case No. 45D09-2505-CM-001548). Because Plaintiffs do not assert a proper basis for removal of the state criminal prosecution to federal court, I lack subject matter jurisdiction over this matter and will remand the proceeding to state court.

Plaintiff Danielle Montague Bey alleges Lake County Police Officer Colton Scadden initiated a traffic stop of Montague Bey and her brother Mustafa Shabazz El on the morning of June 22, 2023. [DE 1-1 at 2.] Montague Bey says Officer Scadden called for backup, so two additional squad cars soon arrived. [*Id.*] The officers accused Montague Bey and her brother of having a "fictitious" license plate and violently

1

arrested them. These details come from a complaint attached to the "Writ of Removal." The attached complaint, however, involves different defendants and is identical to the complaint in a different lawsuit Montague Bey and her brother filed in this District. *See Danielle Montague Bey, et. al v. Lake Cnty. Mun. Corp., et. al.*, Case No. 2:25-cv-278-PPS-AZ (N.D. Ind. filed June 20, 2025). Montague Bey's (and her brother's) claims asserted in that complaint are pending in that separate suit and are not at issue here. It's not clear to me why Plaintiffs attached that complaint for a separate lawsuit to their "Writ of Removal", though I suspect this case is related to the same June 2023 arrest.

Instead, in this case, Montague Bey and the "United States of America Republic" request removal of a pending criminal case against Montague Bey in the Lake Superior Court. In Lake Superior Court Case No. 45D09-2505-CM-001548, Montague Bey is charged with (1) two counts of False Government Identification; (2) Failure to Register; (3) Failure to Provide Vehicle Registration Certificate; (4) Operating a Motor Vehicle with a Fictious Plate; (5) No Valid Driver's License; and (6) No Operator's License in Possession. Indiana initiated that case against Montague Bey on May 2, 2025.

For starters, the United States of America Republic is not a proper party in this suit. The "Writ of Removal" says Christopher H – Cannon: Bey, the purported President of the United States of America Republic, issued the writ. But neither Christopher H – Cannon: Bey, who is not a party in this suit, nor Danielle Montague Bey may represent the United States of America Republic in their *pro se* capacity. *Pro se* parties, such as Montague Bey, may only represent themselves; they cannot bring suit on behalf of others. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008); *People of the U.S. of Am.*

2

*Republic v. City of Chi.*, CAUSE NO. 2:20-CV-373-PPS-JEM, 2020 WL 6502385, at *2 (N.D. Ind. Nov. 4, 2020) (holding "Christopher: Cannon-Bey, a non-lawyer" could not represent the "People of the United States of America Republic"). Moreover, the underlying criminal case at issue concerns only Danielle Montague Bey and not the United States of America Republic.

Montague Bey assert several bases for removal, all but one of which are plainly inapplicable here. She seeks removal under 28 U.S.C. § 1441, 28 U.S.C. § 1443, and 28 U.S.C. § 1446. [DE 1 at 1.] 28 U.S.C. § 1441 and 28 U.S.C. § 1446 concern removal of state *civil* actions, not the criminal actions Montague Bey seek to remove here. 28 U.S.C. § 1443 does relate to removal of criminal cases from state court to federal court, and it has two operative subsections. But neither of them provides an avenue into federal court for Montague Bey.

Section 1443(2) is inapplicable to Montague Bey because it is "available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). This leaves Montague Bey with § 1443(1), which permits removal to federal court of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

To remove her state criminal case to this Court under 28 U.S.C. § 1443(1), Montague Bey must show: (1) that the rights she seeks to protect arise under a law "providing for specific civil rights stated in terms of racial equality," and (2) that she is

3

unable to enforce those rights in state court. *See Georgia v. Rachel*, 384 U.S. 780, 792, 800 (1966). Concerning the first prong of this test, "general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014). Montague Bey's claims fail at the first prong of this test.

Montague Bey says her removal involves federal claims "under the Constitution, federal treaty law, and international law protecting the rights of foreign nationals and indigenous nationals." [DE 1 at 1.] She notes her criminal charges involve "alleged infractions tied to identification and registration", which she says involve questions of the Foreign Sovereign Immunities Act, the International Covenant on Civil and Political Rights, "treaty protections under the Treaty of Peace and Friendship 1836." [*Id.* at 1–2.] She also sites statutory and constitutional provisions concerning government identification and commerce. [*Id.*]

Montague Bey seems to mistakenly believe federal question jurisdiction serves as a basis for the removal of state criminal cases because she asserts her state criminal charges "fall under federal jurisdiction due to questions involving" the various statutes, treaties, and constitutional provisions she cites that I note above. [*See id.* at 1.] This understanding is incorrect. Federal question jurisdiction provides federal courts with "original jurisdiction of all *civil* actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Montague Bey seeks to remove a criminal case, so this form of civil jurisdiction is inapplicable. Instead,

4

Montague Bey must meet the two-prong test for removal under 28 U.S.C. § 1443(1), which she has not done.

None of the sources of law Montague Bey cites provide for civil rights stated in terms of racial equality. She cites the federal criminal statute for fraudulent identification documents (18 U.S.C. § 1028), the Sherman Act for illegal restraints on commerce with foreign nations (15 U.S.C. § 1), and limitations of state activity under the U.S. Constitution under Article 1, Section X. These sources of law all plainly do not provide for civil rights in terms of racial equality. Her reliance on an 1836 U.S. treaty with the Kingdom of Morrocco, an international treaty of civil and political rights, and the Foreign Sovereign Immunities Act fares no better. Its clear Montague Bey believes herself to be a foreign national under the meritless "sovereign citizen theory", but these treaties and laws concerning foreign nationals also do not provide for civil rights stated in terms of racial equality.

Montague Bey asserts no rights arising under a law that provides for "civil rights stated in terms of racial equality", *Rachel*, 384 U.S. at 792, nor does she provide any factual allegations that suggest a violation of her civil rights on the basis of her race. I thus lack subject matter jurisdiction over Montague Bey's attempt to remove her state criminal case under § 1443(1). Case law, the statutes concerning removal, and the Federal Rules of Civil Procedure are clear that I must *sua sponte*, as here, remand a case that lacks subject matter jurisdiction. *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) ("[I]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of

the court at any time and at any stage of the proceedings."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, it is therefore **ORDERED** that Case No. 45D09-2505-CM-001548 is **REMANDED** to Lake Superior Court, County Division 3. The Clerk shall take all appropriate action to accomplish the remands.

**SO ORDERED.**

ENTERED: July 17, 2025.

>/s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT