**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

DANIELLE MONTAGUE-BEY and
UNITED STATES OF AMERICA
REPUBLIC,

      Plaintiffs,

          v.                                                    CAUSE NO. 2:25-CV-279-PPS-AZ

STATE OF INDIANA, LAKE COUNTY
SUPERIOR COURT, JUDGE JULIE N.
CANTRELL, JUDICIAL OFFICER
BOLING, and MAGISTRATE ROBERT
JEFFREY,

      Defendants.

## OPINION AND ORDER

Danielle Montague Bey and the "United States of America Republic", without

counsel, seek reconsideration of the Court's July 17, 2025, Order [DE 5] that denied their

request to remove a pending state criminal case to federal court. In that Order, I

concluded I lacked subject matter jurisdiction over this matter and remanded the case to

state court. Plaintiffs present no error or basis for reconsideration, so their motion is

denied.

For starters, Plaintiffs provide no legal basis or standard for consideration of

their motion. Given that the Court remanded Montague Bey's criminal case to state

court for lack of jurisdiction, this Court would appear to lack jurisdiction to review

Plaintiffs' motion to reconsider. The statute governing the procedure for removal, 28

U.S.C. § 1447(d), says "[a]n order remanding a case to the State court from which it was

1

removed is not reviewable on appeal or otherwise, except that an order remanding a

case to the State court from which it was removed pursuant to section 1442 or 1443 of

this title shall be reviewable by appeal or otherwise." Because I concluded this Court

lacked federal subject matter jurisdiction in the first instance, it follows that I would

lack jurisdiction to rule on this motion because the case has been remanded to state

court. *See Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 832–34 (7th Cir. 2003); *Peterson v.*

*Lambert*, Cause No. 3:07-CV-016 TS, 2007 WL 837255 (N.D. Ind. Mar. 15, 2007). But given

Plaintiffs cite of 28 U.S.C. § 1443 as their basis for removal, which is carved out as an

exception under 28 U.S.C. § 1447(d), I will consider the merits of Plaintiffs' motion.

Plaintiffs claim the Court erred in its interpretation of 28 U.S.C. § 1443(1) as a

vehicle for removal. They fail to address, however, why the Court's holding that they

failed to demonstrate they seek removal under a law "providing for specific civil rights

stated in terms of racial equality" is incorrect. *See Georgia v. Rachel*, 384 U.S. 780, 792, 800

(1966). Instead of alleging an error in the Court's analysis on this point, Plaintiffs

reiterate their same failed arguments. Plaintiffs' reliance on an 1836 U.S. treaty with the

Kingdom of Morrocco, the 1880 Treaty of Madrid, and the Foreign Sovereign

Immunities Act all plainly do not provide for civil rights in terms of racial equality.

Plaintiffs also ignore the Court's prior ruling that the United States of America

Republic, now styled as the United States of America Republic National Government, is

not a proper party in this suit. Danielle Montague Bey may not represent the United

States of America Republic in her *pro se* capacity. *Pro se* parties, such as Montague Bey,

may only represent themselves; they cannot bring suit on behalf of others. *Nocula v.*

*UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008); *People of the U.S. of Am. Republic v. City of Chi.*, CAUSE NO. 2:20-CV-373-PPS-JEM, 2020 WL 6502385, at \*2 (N.D. Ind. Nov. 4, 2020) (holding "Christopher: Cannon-Bey, a non-lawyer" could not represent the "People of the United States of America Republic"). This dooms Plaintiffs' claims on behalf of the United States of America Republic under the Foreign Sovering Immunities Act and International Organizations Immunities Act.

Plaintiffs' Motion for Reconsideration, Emergency Stay, Supplemental Judicial Notice, and Expanded Grounds [DE 6] is **DENIED**.

**SO ORDERED.**

ENTERED: September 3, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT